UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | Case No. 17-18799 |
| PREMSAGAR MULKANOOR, ) | |
| ) | Hon. Jack B. Schmetterer |
| Debtor. ) | Room 682 |
| _____ ) | |
| PREMSAGAR MULKANOOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding No. 17-ap- 00349 |
| ) | |
| AMERICAN HOME MORTGAGE ) | |
| CORP. d/b/a HLB MORTGAGE, and ) | |
| OCWEN LOAN SERVICES, LLC ) | |
| ) | |
| Defendants. ) | |

PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW (Ext I)

NOW COMES, Debtor/Plaintiff, Premsagar Mulkanoor ("Plaintiff"), by his attorneys, Ariel Weissberg and Devvrat Sinha, and as Plaintiff's Proposed Findings of Fact and Conclusions of Law, states as follows:

FINDINGS OF FACT

1. Premsagar Mulkanoor ("Mulkanoor" or the "Debtor"), Plaintiff, is an individual residing at 21407 Saddle Lane, Mokena, Illinois. Mulkanoor is the Debtor is the above-captioned Chapter 11 bankruptcy reorganization case that was voluntary commenced on June 21, 2017.

2. American Home Mortgage Corp., d/b/a HLB Mortgage ("HLB"), Defendant, is a corporation organized under the laws of the State of New York.

3. On or about December 10, 2001, DeBello Builders, Inc. conveyed to Debtor and Vijayageetha Mulkanoor ("Mrs. Mulkanoor"), Debtor's wife, not in tenancy in common but in

Page 1 of 3

joint tenancy, fee simple interest in residential real estate bearing the Permanent Index Number of 09-19-305-010 and commonly known as 21405 Saddle Lane, Mokena, Illinois 60448 ("Property"), by a Warranty Deed, a copy of which is attached hereto as **Exhibit 1**.

4.   On or about January 24, 2005, Mrs. Mulkanoor borrowed $945,000.000 from HLB (the "Loan"). The Loan was evidenced by a promissory note executed by Mrs. Mulkanoor, dated January 24, 2005, in the principal amount of $945,000.000 (the "Note"). A copy of the Note is attached hereto and made a part hereof as **Exhibit 2**.

5.   Contemporaneously with the execution of the Note, Mrs. Mulkanoor executed a mortgage to secure the indebtedness under the terms of the Note. This mortgage was recorded with the Will County Recorder of Deeds on February 3, 2005 as Document Number R2005020487 ("Mortgage"). A copy of the Mortgage is attached hereto and made a part hereof as **Exhibit 3**.

6.   On July 26, 2013, Mrs. Mulkanoor died of natural causes. A Death Certificate issued by the Will County Registrar is attached hereto as **Exhibit 4**.

7.   The Debtor never executed the HLB mortgage, nor any other mortgage, to secure the indebtedness under the terms of the Note, which was only signed by Mrs. Mulkanoor. See Ex. 2, p. 3 (sole signatory is Vijayageetha Mulkanoor); Ex. 3, p. 1 ("Borrower" solely identified as Vijayageetha Mulkanoor).

8.   The undersigned counsel has fully apprised the Liquidating Trustee of HLB of the facts of this case, including sending a copy of the Complaint to his counsel, and the Liquidating Trustee has taken a position that he does not intend to present a defense to this case. See

Affidavit of Devvrat Sinha, attached hereto as **Exhibit 5**. See also Consent Order attached hereto as **Exhibit 6**.

## CONCLUSIONS OF LAW

9. At the time HLB executed the Mortgage with Mrs. Mulkanoor, as the sole borrower, it knew or should have known by virtue of the Warranty Deed that both Debtor and Mrs. Mulkanoor had an interest in the Property.

10. Upon the death of Mrs. Mulkanoor, the Debtor, through his right of survivorship arising from the conveyance of the Property to him and Mrs. Mulkanoor in joint tenancy, acquired the Property in its entirety. See Warranty Deed recorded October 10, 2001 (Exhibit 1). *Harms v. Sprague*, 105 Ill. 2d. 215 (Ill. 1984) (mortgage executed by deceased "does not survive as a lien on plaintiff's property.")

11. In *Harms v. Sprague*, the Supreme Court of Illinois stated that a mortgage solely executed by a joint tenant who then passes away is void as to the surviving joint tenant.

12. Accordingly, the Debtor, owns the Property free and clear of the mortgage-lien filed against the deceased joint tenant's interest during her lifetime because the Debtor never signed the Mortgage or the Note. *See Harms v. Sprague*, 119 Ill. App. 3d 503, 508, (Ill. App. 1983), *aff'd*, 105 Ill. 2d 215 (1984).

Dated: September 26th, 2017 ~~PREMSAGAR MULKANOOR~~, Debtor

SEP 2 6 2017

By: /s/ Devvrat Sinha
One of his attorneys

Ariel Weissberg, Esq. (No. 03125591)
Devvrat Sinha, Esq. (No. 6314007)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL 60605
T. 312-663-0004
Emails: ariel@weissberglaw.com and dev@weissberglaw.com